jection as being in the nature of a motion to exclude the testimony, the fact still remains that the testimony was admissible.

The court charged the jury, "If you find there are material conflicts in the evidence, conflicts about material matters, you ought to endeavor to reconcile such conflicts so as to make each of the witnesses speak the truth, without imputing perjury to anybody, as the law presumes them all to be truthful unless they are contradicted by other witnesses." While the latter clause, "as the law presumes them all to be truthful unless they are contradicted by other witnesses," might well have been omitted, the sentence as a whole is such a correct statement of the law as not to be subject to objection as prejudicial to the accused. It is not subject to the specific objection made by the movant, as being an expression of opinion by the court by reason of excluding from the jury a consideration of the statement of the defendant, nor does it impinge upon the right of the jury to disbelieve the testimony of any witness because of its unreasonableness; because the reasonableness or unreasonableness of testimony as a criterion by which to appraise its credibility is an entirely different subject.

In the seventh ground of the motion complaint is made that the court erred in refusing to give the following requested instruction, which was timely presented: "Defendant insists that the prosecuting female witness did not report the injury alleged to have been inflicted upon her to her parents for two or three days thereafter, and did not tell her mother about the same at the first opportunity, and that this is a circumstance for your consideration. It is your duty to look to all the evidence before you, and if you find that said witness did not report said alleged injury to her parents at the first opportunity, this is a circumstance for you to consider in determining the guilt of innocence of the defendant." The ruling upon this ground of the motion is contained in the fifth headnote. *Judgment affirmed. All the Justices concur.*

CITY OF DAWSON *v.* HORSLEY *et al.*

380

No. 6655.   NOVEMBER 17, 1928.

*R. R. Jones,* for plaintiff in error.   *W. H. Gurr,* contra.

EVERETT *et al. v.* BANK OF NEWTON COUNTY *et al.*

. No. 6695.   NOVEMBER 17, 1928.